**Dwayne MAGRUDER, Appellant,**

v.

**Marilyn PETRE, Election Authority of Macon County, Missouri, Respondent.**

**No. WD 36130.**

Missouri Court of Appeals, Western District.

April 23, 1985.

Robert Steven Gaw, James J. Wheeler, Keytesville, for appellant.

James N. Foley, Macon County, for respondent.

Before SOMERVILLE, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Plaintiff in 1965 was convicted upon his plea of guilty of the felony of stealing 11 head of cattle. He was sentenced to four years' imprisonment and given an immediate unsupervised judicial parole, under the provisions of Section 549.071, RSMo 1978 (repealed 1977 Mo.Laws 658, § 1, effective Jan. 1, 1979). He was discharged from parole in 1968.

In 1984 plaintiff filed a declaration of his candidacy for the office of Macon County Sheriff for the primary election to be held in August of that year. The defendant county clerk, the "election authority" (see § 115.015, RSMo 1978) of Macon County, informed the plaintiff that he was not eligible for the office of sheriff because of his prior felony conviction and omitted his name from the printed ballots for the primary.

On June 18, 1984, plaintiff filed this petition for declaratory judgment, in which he sought a judgment declaring that he was eligible for the office of sheriff of Macon County. Trial was held on July 3, 1984, which resulted in a judgment upholding the defendant election authority's action in excluding plaintiff's name from the ballots. Plaintiff appeals from this judgment.

At all times herein mentioned there was in the statute books section 57.010, relating to the qualifications for county sheriff. It provided among other things: "No person shall be eligible for the office of sheriff who has been convicted of a felony". It was this statute which the county clerk relied upon in refusing to recognize plaintiff's candidacy. The quoted sentence has been part of the statute since 1945; no such provision existed in the law prior to that time. 1945 Mo.Laws 1728.

Plaintiff argues, however, that Section 549.111, RSMo Cum.Supp. 1967 (repealed 1977 Mo.Laws 658, § 1, effective Jan. 1, 1979), effectively modified Section 57.010 when it said: "Any defendant who receives his final discharge under sections 549.058 to 549.161 (relating to judicial parole—ed.) shall be restored all the rights and privileges of citizenship". He says that statute removed his ineligibility for sheriff caused by his felony conviction. He says that when he was discharged from parole in May of 1968 he became eligible to hold the office of sheriff as a "right or privilege of citizenship".

## Mootness

■ The 1984 primary and general elections now being past, our decision can have no practical effect upon an actual controversy between the parties. In such a case we could dismiss the appeal for mootness. *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo. App.1982). Where the case presents an unsettled legal issue of public interest and importance, however, we may and often do decide the issue. *State ex rel. Missouri Public Service Co. v. Fraas*, 627 S.W.2d 882, 885 (Mo.App.1981).

We have here a case which presents an issue—i.e., the eligibility of plaintiff to be county sheriff, or his ineligibility therefor on the basis of his prior felony conviction— which is of public interest and importance, and one which we would ordinarily decide and settle. We cannot put the legal issue to rest, however, for reasons which we will next explain, and we can only dismiss the appeal for mootness.

## Eligibility for sheriff under section 549.111, RSMo Cum.Supp.1967

■ The briefs of the parties present a single issue: Which of the two statutory sections controls—the felony conviction disqualification of section 57.010, or the restoration of citizenship rights and privileges provision of section 549.111, now repealed? That and no other is the issue presented by the parties' briefs.

We have concluded that it is the felony conviction disqualification of section 57.010 which takes precedence over the other. The law which restored to a convicted felon the rights and privileges of citizenship upon his being discharged from bench pa-

role was in effect long before the disqualification provision of section 57.010. The latter was adopted in 1945,[1] while the former had been on the books since 1897.[2] Section 57.010 is explicit in its disqualification of the convicted felon. It is reasonable to suppose that the legislature intended by the enactment of the later statute to except from the rights and privileges of citizenship to which the convicted felon was restored upon discharge from bench parole the right or privilege to hold the office of county sheriff. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 63 (Mo. banc 1983). *See also* Sutherland Stat. Const. § 23.09 (4th ed.)

The appellant's case of *State ex rel. Oliver v. Hunt*, 247 S.W.2d 969 (Mo. banc 1952), is not inconsistent with this holding, but rather supports it. There it was held that section 549.111, RSMo 1949, *the later enactment*, restored to a convicted felon his right to vote, carving an exception out of the *earlier* disqualifying statutes, §§ 111.060, 560.610, 222.030, RSMo 1949. 247 S.W.2d at 973–74.

### Repeal of disqualification provision by Criminal Code

That holding, however, does not settle the issue of the validity of the disqualification provision of section.57.010. The eligibility of plaintiff to serve as sheriff remains open. There remains the question whether the "new" Criminal Code and particularly Chapter 561 thereof, entitled "Collateral Consequences of Conviction" repealed the disqualification provision. The Criminal Code was enacted in 1977 and became effective January 1, 1979. Sections 561.016, .021 and .026 thereof include a comprehensive scheme providing for various disqualifications, ineligibilities, disabilities and disenfranchisements resulting from criminal convictions. It may be argued that it was the legislative intent by the adoption of those sections to repeal

that part of section 57.010 which made a person ineligible for the office of sheriff who had been convicted of a felony, on the following principle:

The intent to repeal all former laws upon a subject is made apparent by the enactment of subsequent comprehensive legislation establishing elaborate inclusions and exclusions of the persons, things and relationships ordinarily associated with that subject. Legislation of this sort which operates to revise the entire subject to which it relates, by its very comprehensiveness gives strong implication of a legislative intent not only to repeal former statutory law upon the subject, but also to supersede the common law relating to the same subject. Therefore, the failure to set out former statutory provisions in a later comprehensive enactment will operate to repeal the omitted provisions which are inconsistent, and also former provisions which are not repugnant to the later legislation.

Sutherland Stat.Const. § 23.13 (4th ed.)

### Appellate Jurisdiction

Appellate courts are generally not hesitant to decide cases on analyses of their own initiative, which have not been suggested by the parties. In the present case, however, we confine ourselves scrupulously to the legal theory put forward in appellant's brief. To take up sua sponte the question of the implied repeal of the felony conviction ineligibility provision of section 57.010 would be beyond our jurisdiction. Mo.Const. art. V, § 3. If the disqualification provision of section 57.010 had been attacked it would have been necessary for us to transfer the case to the Supreme Court for lack of jurisdiction. *Independent Stave Co. v. State Highway Comm'n.*, 625 S.W.2d 246, 249 (Mo.App. 1981). No such argument has been made in this court and it is therefore not a case for exclusive Supreme Court jurisdiction.

---

1. 1945 Mo.Laws 1728.

2. 1897 Mo.Laws 71, § 12.

The fact that the invalidity of the statute has not been maintained in the appellant's brief (though it was alleged as a ground of the petition) disqualifies it from Supreme Court jurisdiction. This we conclude by analogy to cases under the earlier version of Article 5, Section 3, which held that unconstitutionality of a statute (a ground of Supreme Court jurisdiction) must be adequately and specifically covered by the briefs in order to invoke Supreme Court jurisdiction. *City of St. Louis v. Butler*, 358 Mo. 1221, 219 S.W.2d 372, 376 (en banc 1949); *Kansas City v. Howe*, 416 S.W.2d 683, 686–87 (Mo.App.1967).

Appeal dismissed.

LOWENSTEIN, J., concurs.

SOMERVILLE, J., concurs in result.