**John McMULLIN and Jacqueline McMullin, Plaintiffs–Appellants,**

v.

**COMMUNITY SAVINGS SERVICE CORP. and Community Federal Savings & Loan Association, Defendants–Respondents.**

**No. 54345.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1988.

Daniel T. Rabbitt, William M. Corrigan, Jr., St. Louis, for plaintiffs-appellants.

John G. Young, Jr., Clayton, for defendants-respondents.

GARY M. GAERTNER, Judge.

Plaintiffs John and Jacqueline McMullin appeal from the trial court's dismissal of their petition which alleged fraud and civil conspiracy. On appeal plaintiffs argue that the alleged misrepresentations made by defendant Community Savings Service were misrepresentations of fact, not misrepresentations of law; therefore the trial

court erred in dismissing the petition. We reverse.

Plaintiffs, John and Jacqueline McMullin (hereinafter appellants), contracted with defendant Community Savings Service Corp. (hereinafter respondent Community Savings) in 1984 for the purchase of a house in the newly-developed Cedar Springs subdivision in West St. Louis County. Prior to the purchase of the home, respondent Community Savings gave literature to appellants which stated that appellants' home and the other homes in Cedar Springs were subject to certain restrictions. The restrictions were set forth in a document entitled "Indenture of Restrictions of Cedar Springs" (hereinafter second Indenture Agreement). The restrictions were referred to and summarized in a booklet entitled "A Guide to Your New Home." The booklet contained the following language:

All properties in Cedar Springs are subject to easements, restrictions, covenants and conditions of which are for the purpose of enhancing and protecting the value, desirability and attractiveness of the community and the individual homes.

In general, it is the intention of covenants and conditions to be protective both economically and aesthetically speaking.

Please read a copy of covenants supplied at closing to be sure you know all the applicable restrictions.

. . . .

There is one document that the Cedar Springs homeowners are subject to: The "Indenture of Restrictions of Cedar Springs." This outlines all restrictions and community functions involving all 128 families.

Appellants filed a petition in which they alleged that their home and all of the other homes in Cedar Springs were not subject to the second Indenture Agreement at the time they purchased their home. Appellants further alleged that respondent Community Savings knew that the homes were not subject to the second Indenture Agreement. Appellants stated that respondent Community Savings was in the process of drafting a new and materially different indenture agreement[1] at the time it made the above-quoted alleged misrepresentations. Appellants asserted that the market value of their home was less than if their home had been subject to the second Indenture Agreement. Appellants sought actual and punitive damages.

Six exhibits were attached to respondents' motion to dismiss which reveal that three indenture agreements pertaining to Cedar Springs were recorded at various times. The first Indenture Agreement was recorded June 26, 1981, and governed all three plats of Cedar Springs. The second Indenture Agreement was recorded February 18, 1982, but only governed plat two of Cedar Springs. A release to rescind the first Indenture Agreement was also filed on February 18, 1982. The third Indenture Agreement was recorded on September 25, 1985. An affidavit of scrivener's error was also recorded on September 25, 1985. The affidavit stated that the legal description of the property attached to the second Indenture Agreement mistakenly contained only a legal description of a portion of the property rather than a description of the entire Cedar Springs Subdivision. The affidavit of scrivener's error indicates that developer and trustees never intended there be a release of the first Indenture Agreement unless there was a substitution of another set of restrictions binding on all three plats.

Count two of appellants' petition named both respondent Community Savings and Community Federal Savings and Loan Association (hereinafter respondent Community Federal) as defendants. Appellants alleged that respondent Community Savings is a wholly-owned subsidiary of respondent Community Federal and that respondents had the common goal of defrauding appellants by misrepresenting to them that their home and all other homes in Cedar Springs

---

1. The second Indenture Agreement provides for amendment of the Indenture Agreement if approved by two-thirds of the homeowners. A new indenture agreement entitled "Declaration of Covenants, Conditions and Restrictions for Cedar Springs" (third Indenture Agreement) was approved by two-thirds of the homeowners.

were subject to the second Indenture Agreement. Appellants further alleged that respondents entered into an agreement to record a new and materially different set of restrictive covenants, the third Indenture Agreement. Appellants also alleged that the third Indenture Agreement empowers the Board of Trustees of Cedar Springs with the authority to determine how insurance proceeds would be distributed. Appellants assert that this provision deviates from ordinary lending practices and would impair appellants' ability to refinance their loan or to sell their home to any individual who requires conventional or variable rate financing.

■ Respondents filed a motion to dismiss for failure to state a claim. The trial court sustained respondents' motion ruling that the alleged misrepresentations were misrepresentations of law and not actionable.[2]

The central issue presented in this case turns on whether the above-quoted alleged misrepresentations were misrepresentations of law or misrepresentations of fact. Missouri courts have consistently applied the principle that an action for fraud cannot be based upon a misrepresentation of law. *Nixon v. Franklin,* 289 S.W.2d 82, 89 (Mo.1956); *City of Gainesville v. Gilliland,* 718 S.W.2d 553, 579 (Mo.App., S.D. 1986); *Motor Transportation Springfield v. Orval Davis Tire Co.,* 585 S.W.2d 195, 200 (Mo.App., S.D.1979); *Emily v. Bayne,* 371 S.W.2d 663, 668 (Mo.App., St.L.D.1963). There are two exceptions to this general rule, but there is no indication that either apply to the case at bar. *See Gilliland,* 718 S.W.2d at 579.

In order to determine whether the alleged misrepresentations were misrepresentations of law or fact, a brief review of Missouri case law follows. In *Nixon v. Franklin,* a vendor of realty misrepresen-

ted to purchasers that he and several others together possessed fee simple title to 160 acres of land, where in fact vendors held only twenty acres in fee simple and the remaining 140 acres in life estate. *Nixon,* 289 S.W.2d at 86. The Missouri Supreme Court held the misrepresentation to be one of material fact made with the intention of inducing the plaintiffs to rely thereon. *Id.* at 89. In *Bank of Brumley v. Ballenger,* purchasers of land accepted a warranty deed which purported to convey fee simple title but actually only conveyed a life estate. *Bank of Brumley v. Ballenger,* 128 S.W.2d 647, 652 (Mo.App., S.D. 1939). The court of appeals held that officers of the vendor bank made material misrepresentations of fact to the effect that the bank had good title and the Supreme Court had so held in a recent decision involving the property. *Id.* In *City of Gainesville v. Gilliland,* defendant had misrepresented to third party defendants that a special warranty deed was a quitclaim deed to be used simply to establish that a fence had been in place for a number of years. *Gilliland,* 718 S.W.2d at 580. The court of appeals held that representations about the type of written instrument a party was signing were not misrepresentations of law. *Id.* at 579.

In *Fredrick v. Bensen Aircraft Corp.,* defendant's representations to plaintiff concerned whether the aircraft could be flown in compliance with FAA rules and regulations. *Fredrick v. Bensen Aircraft Corp.,* 436 S.W.2d 765, 769 (Mo.App., S.D. 1968). The court of appeals held the representations to be of law and not of fact. *Id.* at 770. A real estate agent's statement in *Whittlesey v. Spence,* that the title "looks all right to me" constituted the expression of an opinion and conclusion of law made by a layman. *Whittlesey v. Spence,* 439 S.W.2d 195, 197–98 (Mo.App., S.D.1969). In *Motor Transportation Springfield v.*

**2.** On appeal, respondent Community Savings urges this court to treat the motion before the trial court as a motion for summary judgment pursuant to Rule 55.27(a). Although matters outside the record, *i.e.,* exhibits and affidavit, were before the trial court, nothing in the record suggests that the trial court considered anything other than the petition when it ruled on the motion to dismiss. Further, there is no indication on the record that the trial court notified the parties of an intention to treat the motion as one for summary judgment. Thus, we review the trial court's ruling as a grant of respondents' motion to dismiss. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 210–11 (Mo.App., E.D.1987).

*Orval Davis Tire Co.,* the representation concerned the rights and liabilities of the parties in the event of cancellation of the lease. *Motor Transportation,* 585 S.W.2d at 200. The court of appeals held that appellant's salesman's statements constituted the opinion of a layman with regard to the legal effect of a written agreement. *Id.*

■ In the case at bar, respondent Community Savings represented that all the homes in Cedar Springs were subject to the second Indenture Agreement. Although an application of the law may be necessary before ultimately resolving whether the representation was true or false, respondent Community Savings' assertion as to the second Indenture Agreement was clearly represented as a matter of fact. Community Savings was not expressing its opinion as to a matter of law. Our holding follows *Nixon* and *Ballenger. See Nixon,* 289 S.W.2d at 89, *Ballenger,* 128 S.W.2d at 652. In each of those cases a misrepresentation was made as to the nature of the title held by sellers of land. Although title to land is a legal concept, it was held in each case that the purported owners of land represented as a matter of fact that they held fee simple title. Similarly in the case at bar, the operation of restrictive covenants involves legal concepts, but respondent Community Savings represented as a matter of fact that all the property in Cedar Springs was subject to the second Indenture Agreement. The language surrounding this statement and the context in which it was made, an informational booklet, suggest that respondent Community Savings was not merely expressing its opinion as to a matter of law. The trial court erred in dismissing count I of appellants' petition.

In their second point, appellants allege the trial court erred in dismissing count II of their petition which alleged civil conspiracy. The trial court based its dismissal of count II upon the perceived failure to state a claim in count I. Pursuant to our holding above reversing the dismissal of count I, the trial court also erred in dismissing count II. Respondents argue that the trial court correctly dismissed count II of the petition, notwithstanding the sufficiency of count I. Specifically, respondents argue that appellants merely pled legal conclusions not based on any fact.

■ In order to state a cause of action for civil conspiracy, a petition must allege that defendants conspired and agreed to commit an unlawful act and in the pursuit of the conspiracy, defendants did some unlawful act which resulted in damages to plaintiff. *Royster v. Baker,* 365 S.W.2d 496, 499 (Mo.1963). In their petition appellants alleged that respondents had a common goal of defrauding appellants by misrepresenting the status of the restrictive covenant of Cedar Springs. Thus, appellants have alleged that both respondents participated in the unlawful alleged fraudulent misrepresentations. We believe count II of appellant's petition sufficiently stated a cause of action.

The trial court's ruling on respondents' motion to dismiss is reversed. The cause is remanded for further proceedings consistent with this opinion.

GRIMM, P.J., and KAROHL, J., concur.