**Fred UHLE, Plaintiff/Appellant,**

v.

**SACHS ELECTRIC,**
**Defendant/Respondent.**

**No. 59891.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 2, 1992.

Claude Hanks, St. Louis, for plaintiff, appellant.

Russell F. Watters, Michael D. MaGuire, St. Louis, for defendant, respondent.

CARL R. GAERTNER, Judge.

Plaintiff, Fred Uhle, worked for defendant, Sachs Electric, for twenty-one years. His last position with Sachs was as Vice President of Sales and Estimating. In 1984, plaintiff was called to testify before a federal grand jury investigating bid-rigging. Plaintiff perjured himself before the grand jury, despite a grant of immunity from charges of bid-rigging. In 1986, plaintiff was convicted of perjury and sentenced to a term of imprisonment in a federal penitentiary.

At some time in 1986, plaintiff and defendant cannot agree on the date, plaintiff was discharged by defendant. On August 4, 1987, plaintiff requested a service letter from defendant pursuant to § 290.140 RSMo.1986. On September 10, 1987, de-

fendant sent plaintiff a letter which claimed that defendant requested his service letter after the time allowed for in the statute. Nevertheless, in the same letter defendant gave plaintiff the information required by the statute: the nature of his service, the dates of his service, and the reasons for his discharge.

Thereafter, plaintiff filed a three-count suit in the Circuit Court of St. Louis County. Count I charged that defendant refused to issue a service letter. Count II charged that even if defendant's September 10 letter was considered a service letter, the letter failed to state the true reason for plaintiff's discharge. Count III charged defendant with fraud in that defendant made false representations that bid-rigging was legal and part of the normal course of defendant's business. Plaintiff alleged that defendant's misrepresentations thereby caused him to bid improperly and be subject to federal prosecution and imprisonment.

Defendant filed a motion for summary judgment on Counts I and II. Defendant argued that there was no genuine issue with regard to damages sustained by plaintiff since plaintiff had not been refused employment by the failure to produce a service letter. In opposition, plaintiff produced his own affidavit saying that three employers refused him employment because he did not have a service letter. The trial court granted defendant's motion for summary judgment on Counts I and II.

Later in the proceedings, defendant filed a motion for summary judgment on Count III. Defendant argued that a fraud action cannot be based upon a misrepresentation of law. For further support, defendant presented portions of plaintiff's deposition testimony showing that he knew that bid-rigging was illegal, that defendant's agents never told him it was legal, and that defendant's agents never told him to lie before the grand jury. The trial court granted defendant's motion for summary judgment.

Plaintiff appeals the grants of summary judgment. We affirm.

On appeal, defendant filed a motion to strike plaintiff's brief because of plaintiff's failure to make references to specific pages contained in the legal file and because of inadequacies in both the statement of facts and points relied on. By flirting with violations of the Rules, a party does little to help its case. We decline to strike plaintiffs brief, even though defendant's argument that plaintiff's brief violates Rules 84.04(c), (d), and (h) has merit. Despite its shortcomings, we are able to discern plaintiff's argument from the text of his brief.

■ In reviewing a motion for summary judgment, we must determine whether there is genuine issue of material fact requiring a trial and then whether the prevailing party was entitled to the judgment as a matter of law. *Erickson v. Pulitzer Publishing Co.,* 797 S.W.2d 853, 857 (Mo. App.1990). We review the entire record in a light most favorable to the party against whom summary judgment is entered. *Id.* The judgment of the trial court will be sustained if the judgment is sustainable on any theory. *Abbate v. Tortolano,* 782 S.W.2d 810, 811–12 (Mo.App.1990).

Plaintiff's first argument is that the trial court erred in granting summary judgment on Counts I and II because a material question of fact exists as to whether defendants issued a service letter or, alternatively, whether the reason for plaintiff's discharge stated in the letter was true. We disagree.

■ Count I claimed defendant failed to issue a service letter. An employer fails to issue a service letter if the letter fails to address any of the requirements of § 290.-140.1. *Kincaid v. Pitney–Bowes, Inc.,* 750 S.W.2d 550, 554 (Mo.App.1988). Defendant's September 10 letter was mailed within forty-five days of plaintiff's request for a service letter. It stated the nature and character of the service rendered by plaintiff from 1965–1986 and set forth the cause for which plaintiff was discharged. Thus, the letter addressed all of the requirements of § 290.140.1 and the granting of summary judgment on Count I was ap-

propriate.[1]

■ Similarly, summary judgment on Count II was proper as well. Count II claimed defendant's letter contained an untruthful reason for plaintiff's discharge. Although this issue remains in dispute, it does not constitute a bar to the granting of summary judgment. The truth or falsity of the reason stated for defendant's discharge is not a material issue because of the total absence of any evidence that plaintiff sustained any damage as a result of the service letter. *Kaskowitz v. Commerce Magazine, Inc.*, 793 S.W.2d 628, 632 (Mo.App.1990). In order to recover damages based upon a service letter, a plaintiff must prove that he or she was refused or hindered in obtaining employment due to the absence or inadequacy of a service letter, that the position plaintiff was refused or hindered in obtaining was actually open and the rate of pay for such position. *Herberholt v. DePaul Community Health Center*, 625 S.W.2d 617, 622 (Mo.banc 1981); *Gibson v. Hummel*, 688 S.W.2d 4, 9 (Mo.App.1985). Count II of plaintiff's second amended petition fails to allege that he was refused or hindered in obtaining employment because of an untruthful service letter. Moreover, in interrogatories and depositions, plaintiff answered that he had not been denied employment because of the service letter nor had any potential employer asked for a service letter.

■ However, on December 19, 1990, the day the first motion for summary judgment was heard, plaintiff filed an affidavit in which he named three prospective employers who, he claimed, refused to employ him more than four years after his discharge because of "the absence of a proper service letter and the reasons contained in a letter received from the defendant."

This affidavit is inadequate for several reasons. First, it was filed beyond the time allowed by Rule 74.04(c). Second, the affidavit fails to assert that in any of the three alleged incidents the position plaintiff was denied was open. Finally, plaintiff is not competent to testify to the reasons that caused possible employers to refuse to offer him employment. His attempt to state what was in someone else's mind is either sheer speculation or unadulterated hearsay. In either event, the affidavit is without probative value toward raising an issue of material fact. Rule 74.04(e); *St. Charles v. Dardenne Realty Co.*, 771 S.W.2d 828, 830 (Mo.banc 1989); *Fitzpatrick v. Hoehn*, 746 S.W.2d 652, 654 (Mo.App.1988). The court did not err in granting summary judgment on Count II.

Finally, summary judgment was properly ordered as to Count III. In this count, plaintiff sought actual and punitive damages for alleged fraud. In his petition he alleged that the officers of the defendant company falsely represented that bid-rigging was the normal course of business and not in violation of any law, that in reliance upon these representations he engaged in bid-rigging which resulted in federal prosecution of plaintiff, and that he was damaged by confinement in the penitentiary.

■ Defendant's motion for summary judgment is supported by plaintiff's deposition testimony and interrogatory answers which established that plaintiff was not prosecuted for bid-rigging. Rather, he was charged with and convicted of perjury for falsely testifying before a grand jury even though he was granted immunity from prosecution for bid-rigging. Therefore, the injury for which he seeks to recover damages was not a direct result of the alleged misrepresentations. Contrary to the allegations in his petition, he testified that he knew bid-rigging was illegal thereby dispelling any contention that he was misled or that he relied upon the alleged misrepresentations. Such testimony is fatal to his fraud claim. *Carr v. Anding*, 793 S.W.2d 148, 151 (Mo.App.1990). Fur-

---

1. Count I of plaintiff's second amended petition does not pray for even the nominal actual damages authorized under § 290.140.2 for failure to issue a service letter. Rather, the petition prays for exemplary damages in the sum of $1,000,000 and punitive damages for the sum of $2,000,000. Exemplary damages and punitive damages are synonymous terms. *Black's Law Dictionary* 352 (5th ed. 1979).

thermore, it has been consistently held that an action for fraud cannot be based upon a misrepresentation of law. *McMullin v. Community Savings Service Corp.*, 762 S.W.2d 462, 464 (Mo.App.1988).

The judgment of the trial court is affirmed.

SIMON and SATZ, JJ., concur.