Charles R. WILLIS, Plaintiff–Respondent,

v.

MOST WORSHIPFUL PRINCE HALL GRAND LODGE OF MISSOURI & JURISDICTION, Defendant–Appellant.

No. 62546.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 12, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1993.

Application to Transfer Denied Jan. 25, 1994.

Charles R. Oldham, St. Louis, for defendant-appellant.

Charles R. Willis, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

Plaintiff, Charles R. Willis, brought a declaratory judgment action after defendant, Most Worshipful Prince Hall Grand Lodge of Missouri and Jurisdiction (hereafter Grand Lodge), did not permit plaintiff to use proxy votes and wrongfully denied Acacia Lodge #166 one of its entitled votes. The trial court granted plaintiff's motion for summary judgment on both counts and Grand Lodge appeals. We reverse.

Grand Lodge is a nonprofit organization consisting of freemasons and incorporated pursuant to Missouri law. Grand Lodge comprises approximately sixty-five subordinate lodges. Each subordinate lodge is

entitled to three votes on any questions before the Grand Lodge. Grand Lodge officers have the right to vote. Officers include a grand master who presides over meetings, and a grand attorney. Worshipful masters, wardens and past masters of subordinate lodges may also vote. Past masters are persons who previously served as worshipful masters of subordinate lodges.

Plaintiff serves as grand attorney for the Grand Lodge and is a member of the subordinate Acacia Lodge # 166. During a Grand Lodge meeting in July 1991, plaintiff tendered four proxy votes from past masters of Acacia Lodge # 166. After deliberation among Grand Lodge members, the grand master refused to allow plaintiff to use the proxies.

In March 1992, plaintiff filed a declaratory judgment action. Plaintiff alleged past masters have a right to vote by proxy and that Acacia Lodge # 166 was wrongfully denied one of its three votes. The record is sparse regarding the circumstances of Grand Lodge's alleged denial of one of the votes of Acacia Lodge # 166. Plaintiff did not allege that any of the four past masters were serving as proxies for Acacia Lodge # 166 and the two issues are therefore distinct. Both parties filed motions for summary judgment and the trial court granted plaintiff's motion. The trial court found that Grand Lodge's Constitution and Bylaws neither restrict the right of proxy nor grant to Grand Lodge the right to deny proxy voting rights to past master representatives of subordinate lodges. The court declared "that past masters of the subordinate lodges have the right to vote by proxy pursuant to the constitution and by-laws, and further that Acacia Lodge # 166 was wrongfully denied one vote to which it was entitled." This appeal followed.

■ On appeal, plaintiff filed a motion to strike Grand Lodge's brief. Plaintiff contends the brief fails to comply with Rule 84.04 because of inadequacies in both the statement of facts and points relied on. Although plaintiff's argument has some merit, we are able to discern Grand Lodge's arguments from the text of its brief. We therefore decline to invoke the harsh remedy of striking Grand Lodge's brief. *Uhle v. Sachs*

*Electric,* 831 S.W.2d 774, 776 (Mo.App.E.D. 1992); *Higgins v. Missouri State Employees Retirement Sys.,* 760 S.W.2d 449, 451 (Mo. App.W.D.1988).

■ In reviewing a motion for summary judgment, we must determine whether there is a genuine issue of material fact requiring a trial and then whether the prevailing party was entitled to judgment as a matter of law. *Uhle,* 831 S.W.2d at 776. We review the entire record in the light most favorable to the non-moving party. *Id.*

■ We first address whether past masters of subordinate lodges have the right to vote by proxy pursuant to Grand Lodge's Constitution and Bylaws. Chapter 355 of the Revised Statutes of Missouri governs the affairs of not-for-profit corporations. Section 355.120.2, RSMo 1986 provides: "A member may vote either in person or, **if authorized by the bylaws,** by proxy executed in writing by the member or by his duly authorized attorney in fact." (emphasis added). The construction of a statute is a matter of law and not a matter of discretion for the trial court. *Bradley v. Mullenix,* 763 S.W.2d 272, 275 (Mo.App.E.D.1988); *State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 857 (Mo.App. S.D.1988). "Where a question of law is involved, it is a matter for the independent judgment of the reviewing court." *House of Lloyd, Inc. v. Director of Revenue,* 824 S.W.2d 914, 916 (Mo. banc 1992). Based on the applicable statute, we must review Grand Lodge's Bylaws. Article IV of the Bylaws contains a section titled "PROXIES" which provides:

> Whenever the Worshipful Master or Wardens or any lodge shall be unable to attend the Annual Communication of the Grand Lodge, **the subordinate lodge shall depute any Past Master or member of its own lodge as proxy to represent its lodge in the Grand Lodge;** the proxy shall be entitled to the same privileges and perform the duties of him or them deputing him. Said proxy shall not be entitled to cast his vote until he has qualified with the Committee on Credentials. (emphasis added).

A distinction must be made between the right to be deputed as a proxy versus the

right to vote by proxy. A person or entity with a right to vote by proxy may depute another to serve as their proxy. But a person with the right to serve another as a proxy does not necessarily have the right to cast their personal vote by proxy. The trial court declared that past masters of subordinate lodges have the right to vote by proxy. We disagree. While Grand Lodge's Bylaws provide that past masters may be deputed as a proxy to represent their subordinate lodge in the Grand Lodge and cast one of the three entitled votes of the lodge, they do not provide that past masters, ipso facto, have the right to vote by proxy.

■ In his brief, plaintiff emphasizes that there is "absolutely no restriction" on the right to vote by proxy which can be found in the record. This argument misconstrues the statute. The statute provides "a member may vote ..., if authorized by the bylaws, by proxy...." Section 355.120.2, RSMo 1986. We interpret the words within a statute according to their plain and ordinary meaning. *Burke v. Kehr*, 826 S.W.2d 855, 859 (Mo.App.E.D.1992). Accordingly, the bylaws must specifically provide for the right to vote by proxy. Absent a specific provision which provides past masters with a right to vote by proxy, no such right exists.

■ On this issue, we reverse the trial court and order that judgment be entered for Grand Lodge. Pursuant to its constitution and bylaws, Grand Lodge is of course free to amend its bylaws to provide past masters with a right to vote by proxy.

■■ The trial court also declared that Acacia Lodge # 166 was wrongfully denied one of its votes. Because we find this issue is not justiciable and therefore inappropriate for declaratory judgment, we need not address whether a genuine issue of material fact exists. The fundamental requirement for jurisdiction in a declaratory judgment action is the presence of an actual, justiciable controversy between the parties as to their respective rights and duties and where relief by judgment will be conclusive and determinative of the issues involved. *Dallen v. City of Kansas City*, 822 S.W.2d 429, 434 (Mo. App.W.D.1991). Justiciability contemplates

a real, substantial, presently existing controversy which is admitting of specific relief. *Cooper v. State*, 818 S.W.2d 653, 655 (Mo. App.E.D.1991).

■ With the 1991 meeting having ended, a subsequent declaration by the trial court that Acacia Lodge # 166 was wrongfully denied one of its votes had no practical effect upon an actual and existing controversy between the parties. *See Magruder v. Petre*, 690 S.W.2d 830, 831 (Mo.App.W.D. 1985). In *Magruder*, plaintiff filed a declaratory judgment action after defendant, the county clerk, informed plaintiff he was not eligible to run for sheriff because he had a prior felony conviction. Prior to the election, the trial court upheld the county clerk's action. After the election, plaintiff appealed and the court ultimately dismissed the appeal as moot because the election had already been held. *Id.* Although in the present case the issue is characterized as not justiciable rather than moot, the two cases are similar in that the vote had already occurred and a decision on this issue had no practical effect upon an existing controversy between the parties.

■ The only relevant evidence in the record is plaintiff's allegations in his petition and motion for summary judgment that Acacia Lodge # 166 was denied one of its votes and Grand Lodge's subsequent denials in their answers. It is therefore unclear whether Acacia Lodge was actually denied one vote, and if it was, the reasons for the denial. Whether Grand Lodge will deny the subordinate lodge one of its votes sometime in the future and under the same circumstances is subject to speculation. "A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose." *Local 1287 v. Kansas City Area Transp. Auth.*, 848 S.W.2d 462, 463 (Mo. banc 1993). Declaratory judgment should not be used to adjudicate hypothetical or speculative situations. *See Schreiner v. Omaha Indem. Co.*, 854 S.W.2d 542, 544 (Mo.App.E.D.1993). Whether Acacia Lodge # 166 was wrongfully denied one of its votes did not present a justiciable issue and the trial court's declaration is reversed.

We reverse and order judgment entered for Grand Lodge on the issue of whether past masters have a right to vote by proxy. We reverse on the issue of whether Acacia Lodge # 166 was wrongfully denied one of its votes.

SIMON, P.J., and STEPHAN, J., concur.