Timothy Graham, Town & Country, for appellant.

J. Michael Ponder, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for respondents.

KAROHL, Judge.

Defendant, Charles Absher, appeals a summary judgment which determined damages in favor of the Plaintiff Oliver, Oliver & Waltz, P.C. in the amount of $10,788.40 for legal services. Absher contends the trial court erred in granting summary judgment because "There remained unresolved Genuine Issues of Material Fact." He asserts in his claim that the Oliver law firm breached its contract by failing to provide services of the quality required. Absher did not claim error in an earlier partial summary judgment on the issue of liability for breach of contract. We affirm.

Absher retained the law firm to perform legal services in defense of a petition for dissolution of marriage. He agreed to pay his attorneys $100.00 per hour for services rendered. The law firm, by and through its various attorneys, answered, conducted discovery, appeared in defense of a motion for contempt, and a PDL motion for temporary maintenance, for support, and attorney's fees. They also prepared and tried the dissolution case, filed a motion for new trial and prosecuted appeals of PDL and dissolution decree.

**OLIVER, OLIVER & WALTZ, P.C.,**
**Plaintiffs/Respondents,**

v.

**Charles D. ABSHER,**
**Defendant/Appellant.**

**No. 64874.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 14, 1994.

The law firm submitted itemized bills to Absher. He made one payment on account. On May 17, 1993, the law firm filed suit

against Absher to recover unpaid fees. On August 13, 1993, the trial court sustained a motion for partial summary judgment and found, as a matter of law, that there were no genuine issues remaining as to the following: (a) Absher retained the law firm to perform legal services in connection with his divorce; and (b) the law firm, in fact, performed the services. Absher did not file any response to the request for partial summary judgment.

On August 19, 1993, the law firm filed a second motion for summary judgment together with an attorney's affidavit and itemized bill reflecting 125.5 hours of work. On August 31, 1993 the trial court heard the motion for summary judgment on the issue of damages. A day *after* the hearing, Absher filed an answer to the motion and an affidavit contending the law firm did not provide services required by the contract and did not perform services "in a workmanlike manner." His affidavit does not contest the agreed sum of $100 per hour, the number of hours worked, or the credit for his payment on account.

■ In reviewing a motion for summary judgment, we must determine whether a genuine issue of material fact exists and then whether the prevailing party was entitled to the judgment as a matter of law. *Uhle v. Sachs Electric,* 831 S.W.2d 774, 776 (Mo.App. E.D.1992); *Erickson v. Pulitzer Publishing,* 797 S.W.2d 853, 857 (Mo.App.1990). We review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The non-moving party is entitled to the benefit of all reasonable inferences from the record. *Id.*; *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993). Summary judgment facts include admissions, those proven by certification or under oath.

■ Absher contends that he filed an answer and affidavit which preserves the defense of "unworkmanlike conduct" and breach of contract by the law firm. We disagree. Absher failed to preserve a dispute on a material issue of fact by filing a late affidavit after the summary judgment hearing without obtaining leave at the time of the hearing. Rule 74.04(e) and (f).

Rule 74.04(c) permits opposing affidavits filed prior to the day of hearing. In this case, the hearing was held on August 31, 1993. At the time of the hearing, the only summary judgment evidentiary facts before the court were provided by the law firm. Moreover, Absher did not request leave to file a response or opposing evidence. An affidavit offered in opposition to a motion for summary judgment was inadequate to preserve an issue of fact when it was filed beyond time allowed by Rule 74.04(c). *Uhle v. Sachs Electric,* 831 S.W.2d 774, 777 (Mo. App. E.D.1992). Rule 74.04 was amended, effective January 1, 1994. The summary judgment facts before the trial court on the issue of damages supported the judgment. There were no opposing facts before the court on the issue of damages, thus, no material issue of fact is in dispute.

We affirm.

CRANE, P.J., and CRAHAN, J., concur.