**STATE of Missouri, ex rel. Donna Faye BOSHERS, Plaintiff–Appellant,**

v.

**Robert DOTSON, Sheriff of Laclede County, Defendant–Respondent.**

No. 19075.

Missouri Court of Appeals,
Southern District
Division Two.

July 5, 1994.

---

Richard L. Anderson, Kimberling City, for plaintiff-appellant.

Craig A. Smith, Jeffrey L. Groves, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-respondent.

GARRISON, Judge.

Plaintiff filed suit against Defendant, the Sheriff of Laclede County, Missouri, alleging that she was damaged when he conducted a search and arrested her on October 4, 1989.

This appeal is from a summary judgment entered in favor of Defendant on the theory that he was protected by "official immunity."

The record indicates that during the search which is the subject of this suit, Defendant and other officers seized 38 dogs (25 of which were inside the residence), 23 horses, 33 chickens, 3 calves, 3 ducks, 3 geese, 1 cat, and 1 goat which were allegedly abused or neglected. In her suit, Plaintiff alleged that Defendant acted intentionally and unlawfully in arresting her and in searching the premises. Defendant, in his motion for summary judgment, contended that Plaintiff's suit arose from the execution of a search warrant, which is a discretionary function, and that because of the doctrine of official immunity he was entitled to a judgment as a matter of law.

The doctrine of official immunity applies to protect public officials from an action for damages arising from their discretionary acts or omissions while acting within the scope of their authority. *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 444 (Mo. banc 1986). Execution of a search warrant is one of the discretionary acts to which the doctrine applies. *DaVee v. Mathis,* 812 S.W.2d 816, 827 (Mo.App.W.D.1991). Discretionary acts performed maliciously, willfully, corruptly and in bad faith are not protected, however. *State ex. rel Twiehaus v. Adolf,* 706 S.W.2d at 446; *Boyer v. Tilzer,* 831 S.W.2d 695, 698 (Mo.App.E.D.1992).

A summary judgment is reviewed in the same manner as a court-tried or equity proceeding and must be affirmed if, as a matter of law, the judgment is sustainable on any theory. *Chase Resorts, Inc. v. Safety Mutual Casualty Corp.,* 869 S.W.2d 145, 148 (Mo. App.E.D.1993); *McCready v. Southard,* 671 S.W.2d 385, 387 (Mo.App.S.D.1984). We are to review the record, however, in the light most favorable to the party against whom the judgment was entered and accord that party the benefit of all reasonable inferences. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is one which is essentially *de novo* by which we are to employ the same criteria in testing the propriety of the summary judgment as those to be employed by the trial

court. *Id.* The propriety of a summary judgment is purely an issue of law founded on the record submitted. *Id.*

When the party requesting a summary judgment has met the burden imposed by Rule 74.04[1] to establish a right to a judgment as a matter of law because of the lack of a genuine issue as to the material facts, the burden then shifts to the non-moving party to demonstrate that one or more of the material facts are genuinely disputed. *See ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d at 381; *Andes v. Albano,* 853 S.W.2d 936, 940 (Mo. banc 1993).

In her first point relied on, Plaintiff alleges that the court erred in entering the summary judgment because her response to Defendant's motion, with accompanying exhibits, and her pleadings established that there were genuine issues of fact for resolution "with regard to the validity of the search warrant, as well as improper motive and conduct during its execution." The question for decision on appeal is that which is stated in the point relied on. *Matter of Trust of McDonald,* 858 S.W.2d 271, 280 (Mo.App. S.D.1993). Plaintiff's point is, therefore, based upon the effect of her pleadings and response to the motion for summary judgment in demonstrating the existence of a genuine issue concerning a material fact as opposed to the sufficiency of the motion, in the first instance, to demonstrate entitlement to a judgment as a matter of law.

Defendant's motion for summary judgment was based on the theory that the suit arose from the execution of a search warrant which was a discretionary function protected by official immunity. After Defendant made a showing that there was no genuine issue as to material facts and that he was entitled to a judgment as a matter of law, Plaintiff, in order to demonstrate the existence of a genu-

ine issue and thereby prevent a summary judgment, was required to show that one or more of the material facts shown by Defendant to be above any genuine dispute was, in fact, genuinely disputed. *ITT Commercial Finance v. Mid–Am Marine,* 854 S.W.2d at 381. In the instant case, Plaintiff contends that there was a genuine issue as to the validity of the search warrant and Defendant's intent or malice in connection with the search and arrest.

Defendant did not, in conjunction with his motion for summary judgment, file a copy of the warrant. Rather, he filed, in support of his motion, an affidavit signed by him as Sheriff of Laclede County by which he requested a search warrant, his application for a search warrant, and a press release from the Laclede County Sheriff's Department stating that "deputies of the Laclede County Sheriff's Department and officials from the Missouri Humane Society executed a search warrant at the Bosher [sic] farm in Laclede County, Missouri, seizing over 100 abused and neglected animals, according to Laclede County Sheriff Bob Dotson."[2] Plaintiff alleged in her petition, however, that Defendant displayed what purported to be a search warrant "duly executed and issued by the Associate Circuit Court of Laclede County, Missouri."[3] A non-moving party's admissions in pleadings may be considered in determining the propriety of a summary judgment. Rule 74.04(c); *Easy Living Mobile, Inc. v. Eureka Fire Pro. Dist.,* 513 S.W.2d 736, 738 (Mo.App.E.D.1974).

■ Contrary to Plaintiff's assertion on this appeal, Defendant's entitlement to a judgment as a matter of law based on official immunity was not necessarily defeated by a showing that there was an issue about the actual validity of the warrant. Defendant

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. There is no issue raised and we do not decide whether these materials or those filed by Plaintiff which will be discussed *infra* were "competent," or were appropriately identified or authenticated for consideration in support of or in opposition to the motion for summary judgment. *See ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d at 382.

3. Plaintiff also alleged in her petition that "[p]leading hypothetically, but as the plaintiff truly believes" Defendant had not in fact obtained a lawfully issued search warrant. We interpret these allegations as being a positive statement that Defendant displayed what purported to be a valid search warrant and a contention that it was not in fact valid.

was entitled to a presumption of validity created by a warrant which was, on its face, valid. *Rustici v. Weidemeyer,* 673 S.W.2d 762, 769 (Mo. banc 1984). If the warrant was valid on its face, as Plaintiff in effect pleaded, she could, however, defeat the summary judgment by showing the existence of a genuine issue concerning Defendant's knowledge about its alleged invalidity. *See Boyer v. Tilzer,* 831 S.W.2d at 697–98.

In response to the motion for summary judgment, Plaintiff filed suggestions with attached exhibits. The exhibits consisted of copies of several letters from an attorney representing Plaintiff in the pending criminal case to the Clerk of the Associate Circuit Court of Laclede County and the prosecutor requesting copies of the search warrant. Also attached were copies of three search warrants which the attorney had obtained. All three of the search warrants were dated the day before the search, authorized a search of Plaintiff's premises, and purported to be signed by the Associate Circuit Judge. Each of them individually appears to be valid on its face, and Plaintiff does not argue otherwise. She points out that each of the three search warrants, however, is different in that one refers to "abused and abandoned animals," one refers to "abused and neglected animals," and one refers to "neglected and abused animals." Plaintiff argues that since the three warrants attached to her response contained these inconsistencies, they create a doubt about the existence of a valid warrant at the time of the search, thereby resulting in a genuine issue concerning that matter. She also argues that these inconsistencies constitute circumstantial evidence that the warrants were manufactured after the fact and tended to show bad faith or conscious wrongdoing by Defendant.

One of the three search warrants produced by Plaintiff contains the notation that it was "[s]erved 10–4–89" and its contents correspond with the application for search warrant filed by Defendant as a part of the motion. This indicates that it was the warrant actually executed by Defendant at the time of the search. This document filed by Plaintiff and which appears regular on its face, tended to support the apparent validity of the warrant

served by Defendant as opposed to creating an issue in that regard. Plaintiff's showing that there were, at some point, two other copies of search warrants in existence with slightly varying language does not, in and of itself, create an issue about Defendant's right to rely on the validity of the warrant which he served.

For summary judgment purposes under Rule 74.04, a "genuine issue" exists where the record contains competent materials that evidence two plausible but contradictory accounts of the essential facts. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d at 382. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.* "Genuine" implies that the issue is real and substantial as opposed to one consisting merely of conjecture, theory and possibilities. *Id.* at 378. The response made by Plaintiff to the motion for summary judgment does not raise a genuine issue, within these guidelines, concerning any knowledge of Defendant about any alleged invalidity of the warrant.

Plaintiff also argues that she demonstrated a genuine issue of fact concerning Defendant's motive because her petition alleged malicious and willful conduct by Defendant. The general rule is, however, that a party opposing a motion for summary judgment may not rely upon mere allegations or denials of his pleading, but must set forth, by affidavit or otherwise, specific facts showing a genuine issue for trial. Rule 74.04(e); *Tri-State Osteopathic Hospital Assn. v. Blakeley,* 848 S.W.2d 571, 573 (Mo.App.S.D.1993).

We conclude that Plaintiff's response did not create a genuine issue of a material fact. Accordingly, Point I is denied.

Plaintiff's Point II is as follows:

The trial court erred to appellant's prejudice in granting defendant's motion for summary judgment, wherein the court found and ruled that defendant was exercising discretionary functions in executing a warrant and was therefore necessarily protected by official immunity; because plaintiff's action was predicated upon allegations and evidence of fraud in obtaining the warrant and intentional, wanton and malicious conduct during the execution of

the warrant; all of which remove the cloak of official immunity and subject defendant to an action for damages as a matter of law.

This point is also not well taken for the same reasons stated in connection with Point I. Accordingly, Plaintiff failed to make a showing which was sufficient under Rule 74.04 to demonstrate a genuine issue as to Defendant's motive or bad faith, and Point II is denied.

■ In her third point, Plaintiff contends that the trial court erred in entering the summary judgment against her on her claim for punitive damages. In ruling the motion, the trial court noted that since Plaintiff could not recover actual damages because of the doctrine of official immunity, she likewise could not recover punitive damages. This is consistent with the rule that in order to obtain punitive damages there must first be a finding of actual damages. *See Thornbrugh v. Poulin,* 679 S.W.2d 416, 419 (Mo.App.S.D. 1984). Since we have affirmed the action of the trial court in entering summary judgment in favor of Defendant on Plaintiff's claim for actual damages, we likewise affirm the ruling as to punitive damages.

Judgment affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.

Missouri Court of Appeals, Southern District, Division Two.

July 5, 1994.

Richard L. Anderson, Kimberling City, for plaintiff-appellant.

Craig A. Smith, Jeffrey L. Groves, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-respondent.