878 F.Supp. 153 (1995)
Michael MAUZY, Jr., Plaintiff,
v.
MEXICO SCHOOL DISTRICT NO. 59, et al., Defendants.
No. 2:94CV00008 GFG.
United States District Court, E.D. Missouri, Northern Division.
February 28, 1995.
*154 Mark A. Ludwig, Carson and Coil, Jefferson City, MO, for plaintiff.
Terrance J. Good, Vice-President, Nelson G. Wolff, Lashly and Baer, St. Louis, MO, John B. Morthland, Partner, Wasinger and Parham, Hannibal, MO, for defendants.

ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss.
Plaintiff is a school administrator and an Illinois resident. Defendants include the *155 Mexico School District No. 59 ("School District") in Audrain County, Missouri, Darriel Douglas and Charles Lind, both assistant principals within the School District, Gary Hieronymus, Superintendent of the School District, and five out of the six members of the School District's Board of Education ("Board"). Plaintiff was formerly employed as a principal within the School District. Plaintiff brought suit against defendants under various theories arising out of his termination. Defendants are all Missouri residents and the amount in controversy exceeds $50,000. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.
Plaintiff's complaint contains five counts. In Count I, plaintiff alleges the deprivation of his procedural due process rights in violation of 42 U.S.C. § 1983. The remaining Counts II-V are state law claims for malicious prosecution, slander, tortious interference with a contract and breach of contract respectively. Defendants have filed a motion to dismiss.
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. Doe "A" v. Special Sch. Dist. of St. Louis County, 637 F.Supp. 1138, 1141 (E.D.Mo.1986). A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

I. Section 1983 Claim
Defendants argue that plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Count I is alleged against the School District, the Superintendent, and the Board members. Defendants cite three allegedly fatal deficiencies in plaintiff's complaint: (1) plaintiff has failed to allege that he was discharged pursuant to an unconstitutional policy; (2) plaintiff has failed to allege the Board as a defendant in that he has only named five of the six members; and (3) plaintiff has no property interest.
First, defendants argue that the School District is not liable under § 1983 because plaintiff has failed to allege that he was terminated due to an unconstitutional policy of the School District. In response, plaintiff points out that the Board has final authority over plaintiff's termination and that, therefore, the actions of the Board in terminating plaintiff were actions of the School District itself, sufficient to subject the District to liability under § 1983.
Initially, the Court notes that to state a § 1983 claim, plaintiff must allege facts which show deprivation of right, privilege or immunity secured by the Constitution or federal law by person acting under the color of state law. Lopez v. Dep't of Health Serv., 939 F.2d 881, 883 (9th Cir.1991). For a municipality to be liable under § 1983, a municipality policy or custom must have caused the constitutional injury. Owen v. City of Independence, 445 U.S. 622, 657, 100 S.Ct. 1398, 1418, 63 L.Ed.2d 673 (1980). However, a single decision can reflect an official policy so long as the decisionmaker has the discretionary, policymaking authority necessary to hold the municipality liable for its decision. Buzek v. County of Saunders, 972 F.2d 992, 996 (8th Cir.1992).
Here, defendants admit that the Board had the final authority to terminate plaintiff pursuant to Mo.Rev.Stat. § 168.126. As such, the School District may be liable to plaintiff if the Board possessed the discretionary, final policymaking authority necessary to hold the School District liable for its decision and if that decision represented a deliberate choice to follow a particular course of action among various alternatives. Id. While plaintiff's allegations are a bit sparse, the complaint can withstand defendants' motion to dismiss the School District from Count I under the liberal notice pleading standard set up by Rule 8(a)(2). Fed.R.Civ.P. 8(a)(2). See also Leatherman v. Tarrant County Narcotics Unit, ___ U.S. ___, ___, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).
*156 Secondly, defendants argue that plaintiff's § 1983 claim must fail because he has not alleged that any of the named defendants have the final policymaking authority for termination of principals. Defendants contend that because the Board has such authority, plaintiff should have named the Board as a defendant instead of naming only five of the six Board members. Defendants argue that plaintiff must name the body, or at least all its members in their official capacities with final decisionmaking authority because only the Board will be liable under § 1983. Defendants have not cited any case law to support such a proposition. As discussed above, the School District can itself be held liable under § 1983. The Court will not dismiss plaintiff's complaint on the grounds that plaintiff has not named all the individual Board members in their official capacities.
Finally, defendants claim that there is no constitutional deprivation in this case because plaintiff did not have any property interest in his position. Having reviewed the pleadings, the Court notes that plaintiff has sufficiently pleaded, for the purpose of this motion, a property interest in continued employment and a liberty interest in the safeguarding of his reputation, honor and good name in the community so as to warrant the protection of due process. Winegar v. Des Moines Indep. Community Sch. Dist., 20 F.3d 895, 899 (8th Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 426, 130 L.Ed.2d 340 (1994); State of Missouri ex rel. Gore v. Wochner, 475 F.Supp. 274, 277-78 (E.D.Mo. 1979), aff'd, 620 F.2d 183 (8th Cir.), cert. denied, 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980).
Defendants have not presented sufficient grounds for the dismissal of plaintiff's § 1983 claim. However, the Court will strike plaintiff's request for punitive damages against the School District. Punitive damages are not available from a municipality under § 1983. Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981).

II. State Law Claims
Defendants also contend that plaintiff's state law claims for slander and malicious prosecution in Counts II and III respectively should be dismissed as against the School District under sovereign immunity. Under Missouri law § 537.600, a "public entity" is protected from tort liability subject to two exceptions. Mo.Rev.Stat. § 537.600.1. Sovereign immunity is waived for compensatory damages for negligent acts or omissions by public employees arising out of the operation of motor vehicles within the course of their employment. Id. § 537.600.1(1). Immunity is also waived when a claim is based on injuries caused by dangerous conditions on the public entity's property. Id. § 537.600.1(2).
The School District is a "public entity" for the purposes of § 537.600. De-Marr v. Kansas City, 802 S.W.2d 537, 540 (Mo.Ct.App.1991). The claims in this case are for the torts of malicious prosecution and slander; these torts do not fall within the exceptions to sovereign immunity as outlined in § 537.600.1. Therefore, Counts II and III cannot be maintained against the School District. The Court will grant defendants' motion to dismiss the claims of slander and malicious prosecution against the School District.
Defendants further argue that Counts II, III and IV should be dismissed as to the Superintendent and Assistant Principals Douglas and Lind on the grounds that the complaint fails to allege whether their acts as public officials were ministerial in nature. Under the doctrine of official immunity, public officials acting within the scope of their authority are not liable for injuries arising from their discretionary acts or omissions, but they may be held liable for torts committed when acting in a ministerial capacity. Kanagawa v. State, 685 S.W.2d 831, 835 (Mo.1985) (en banc). However, official immunity does not apply to those discretionary acts done in bad faith or with malice. State ex rel. Twiehaus v. Adolf, 706 S.W.2d 443, 446 (Mo.1986) (en banc); State ex rel. Boshers v. Dotson, 879 S.W.2d 730, 731 (Mo. Ct.App.1994). An allegation of "malicious motive or purpose or of conscious wrongdoing" is sufficient under Missouri law. Twiehaus, 706 S.W.2d at 447. Inasmuch as plaintiff has averred intentional torts  malicious *157 prosecution, slander and tortious interference  against defendants Superintendent, Douglas and Lind, plaintiff's claims should not be dismissed at this time. Furthermore, whether official immunity applies is a question of fact and would be better considered in this case in a well supported motion for summary judgment. Kanagawa, 685 S.W.2d at 836.
Defendants contend that plaintiff cannot bring a slander claim for three reasons: (1) plaintiff has not alleged publication; (2) plaintiff accepted employment with the District and agreed to follow rules and regulations and thus consented to having charges filed against him; and (3) defamatory statements made by school officials during Board proceedings should be absolutely privileged.
Defendants are correct that publication is an element of a slander cause of action. Dvorak v. O'Flynn, 808 S.W.2d 912, 916 (Mo.Ct.App.1991). However, plaintiff has cited a case, Neighbors v. Kirksville College, recognizing an exception to the publication requirement "`where the utterer of the defamatory matter intends, or has reason to suppose, that in the ordinary course of events the matter will come to the knowledge of some third person.'" 694 S.W.2d 822, 824 (Mo.Ct.App.1985) (quoting Herberholt v. dePaul Community Health Ctr., 625 S.W.2d 617, 624-25 (Mo.1981)). In absence of other authority, the Court finds that plaintiff's allegations support a slander claim under the Neighbors case.
As for defendants' other arguments, defendants have not cited any persuasive support for their propositions that defamatory statements made by school officials during Board proceedings should be absolutely privileged or that plaintiff somehow "consented" to be defamed when he accepted employment with the School District and agreed to follow rules and regulations. It is true that defendants may be entitled to assert a privilege; however, whether a privilege exists is a matter which depends upon the circumstances surrounding the alleged defamatory statements, and in this case, the Court simply does not have enough facts to make a determination regarding the privilege issue.
Defendant finally argues that the whole complaint should be dismissed against all defendants except the School District pursuant to Mo.Rev.Stat. § 168.129. Section 168.129 states that:
No member of a board of education or duly designated administrative officer of a board of education shall be liable in a civil action based on a statement of charges against a school teacher.
Mo.Rev.Stat. § 168.129. The plain language of this section applies only to charges against a "school teacher." Plaintiff in this case served as an administrative principal, not a "school teacher." Defendants have not cited any authority to support their reading of § 168.129, and in light of the plain language, the Court finds that the statute does not apply in this case. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss is granted to the extent that the claims of slander and malicious prosecution as against the School District are struck and plaintiff's request for punitive damages as against the School District is struck. Defendants' motion to dismiss is denied in all other respects.