**William Scott SOURS, Plaintiff–Appellant,**

v.

**William J. PIERCE, Sheriff, Jasper County, Missouri, and Jasper County Drug Task Force, Defendants–Respondents.**

**No. 20132.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 24, 1995.

---

William Scott Sours, pro se.

Jeffrey L. Groves, Matthew E. Turner, Shook, Hardy & Bacon, P.C., Kansas City, for respondents.

PARRISH, Judge.

William Scott Sours (plaintiff) appeals a summary judgment entered in a replevin action he brought against the sheriff of Jasper County, Missouri. By that action, plaintiff sought to recover possession of items taken from his residence by law enforcement personnel when he was arrested for possession of controlled substances and items seized the day after his arrest in the course of executing a search warrant. He also sought money damages. This court affirms.

Plaintiff's petition alleges that he was arrested at his residence in Jasper County October 28, 1993, by members of the Jasper County Drug Task Force. It alleges that $700, four audio speakers and a radio scanner were taken from his residence at the time of his arrest. It alleges that the next day, October 29, 1993, law enforcement officers returned to plaintiff's residence with a search warrant and seized other items of property listed on an affidavit attached to the petition.

A motion for summary judgment was filed, together with a legal memorandum explaining the grounds asserted for granting the motion. The memorandum included a copy

of the search warrant that was executed the day following plaintiff's arrest. An affidavit of Sheriff Pierce relating to actions that resulted in the seizure of property at plaintiff's residence was also filed.

Plaintiff filed written objections to the motion for summary judgment. The trial court heard arguments on the motion and, after taking it under submission, granted summary judgment.

■ Plaintiff appears *pro se*. He is, nevertheless, required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney. *Schneller v. GEICO*, 873 S.W.2d 679, 680 (Mo.App.1994); *Sutton v. Goldenberg*, 862 S.W.2d 515, 517 (Mo.App.1993).

The requirements for appellate briefs are prescribed by Rule 84.04. "The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied On.'" Rule 84.04(a).

Arguably, the jurisdictional statement in plaintiff's brief fails to state grounds from which this court's jurisdiction can be gleaned. It states only that the appeal is from an order of the Circuit Court of Jasper County entered March 1, 1995, granting a motion for summary judgment, and that a notice of appeal was filed March 20, 1995. That chronology is followed by the statement, "The jurisdiction of the Court of Appeals was pursuant to Article V, Sections 11 and 14 of the Constitution for the State of Missouri."

■ A statement of the chronological history of a proceeding does not suffice as a jurisdictional statement. *In re Estate of Schell*, 370 S.W.2d 816, 817–18 (Mo.App. 1963). Respondents, however, have not challenged the sufficiency of the jurisdictional statement. By perusing the remainder of plaintiff's brief and the record on appeal, this court has determined that the subject matter of the appeal does not fall within the exclusive jurisdiction of the Supreme Court of Missouri; that it, therefore, is within this court's jurisdiction. *See* Mo. Const. art. V, § III.

Plaintiff's first point on appeal asserts the trial court erred in granting summary judgment because facts in addition to those in the affidavit filed in support of the motion for summary judgment "were not available but were forthcoming." The motion for summary judgment was filed January 17, 1995. Plaintiff filed a response to the motion February 14, 1995. No affidavit was attached to his response. The trial court heard argument February 27, 1995, and took the motion under advisement. On March 1, 1995, the trial court granted the motion and entered summary judgment.

Plaintiff claims information existed that was contrary to statements in the affidavit filed in support of the motion for summary judgment. In support of that contention, plaintiff includes a copy of an affidavit of a person he describes as a "police informant" in the argument portion of his appellant's brief. The date of the notary's acknowledgment on the affidavit is March 31, 1995.

Rule 74.04(c)(2) imposes the following requirements on parties responding to motions for summary judgment:

Within thirty days after a motion for summary judgment is served, the adverse party shall serve a response on all parties, and, if the adverse party is relying on affidavits, the response shall have attached thereto affidavits not previously filed.

■ "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the nonmoving party's response to the summary judgment motion." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). An affidavit directed to a motion for summary judgment that is filed beyond the time prescribed by Rule 74.04(c) is inadequate and fails to preserve any dispute on a material

fact. *Oliver, Oliver & Waltz, P.C. v. Absher,* 878 S.W.2d 75, 76 (Mo.App.1994); *Uhle v. Sachs Electric,* 831 S.W.2d 774, 777 (Mo.App. 1992). Point I is denied.

■ Plaintiff's brief attempts to set forth six additional points on appeal. None of them comply with Rule 84.04(d). As such, they fail to preserve anything for appellate review. *Estate of Goslee,* 807 S.W.2d 552, 556 (Mo.App.1991).

"A point relied on must meet three requirements; (1) it must state the trial court's action or ruling about which the appellant complains; (2) it must state why the ruling was erroneous; (3) it must state what was before the trial court that supports the ruling appellant contends should have been made." *Thomas v. Smithson,* 886 S.W.2d 951, 952 (Mo.App.1994).

■ In each of Points II through VII, the action of the trial court about which plaintiff complains is the award of summary judgment. Arguably, each point states why plaintiff contends the trial court's ruling was erroneous; however, the points do not identify what was before the trial court that supports plaintiff's claims that the motion for summary judgment should have been denied. The points fail to satisfy the "wherein" requirement of Rule 84.04(d).[1]

Point II complains that the affidavit filed in support of the motion for summary judgment contains hearsay that the trial court should not have considered. The point does not identify the part of the affidavit it claims is hearsay. It does not state what, in the record before the trial court, would support a ruling denying summary judgment based on the content of the affidavit.

Point III speaks of a search warrant relied upon by law enforcement officers in seizing part of the property plaintiff seeks to replevy. Point III asserts the search warrant was a general warrant; that it "failed to state the illegal nature of the items seized."

■ The complaint in Point III is based on the contention that the search warrant was invalid. However, Point III fails to reveal anything in the record before the trial court that demonstrates any law enforcement officer had knowledge that the search warrant was or could be invalid. The trial court found official immunity as a basis for granting summary judgment, a finding plaintiff does not contest on appeal. Official immunity is not defeated by reliance on a search warrant, even if the warrant is invalid, unless the officer who is being sued had knowledge of its alleged invalidity. *State ex rel. Boshers v. Dotson,* 879 S.W.2d 730, 732–33 (Mo.App. 1994).

Point IV asserts the trial court erred in granting summary judgment because "genuine issues existed as to material facts" with respect to whether items that were seized were illegal or were used in the commission of a felony. Point IV fails, however, to identify what "material facts" were at issue that would have supported the trial court's denying the motion for summary judgment.

Point V is directed to plaintiff's conviction "of a drug offense." It contends the seizure of the property sought to be replevied amounted to imposition of double jeopardy. However, Point V fails to identify anything in the record before the trial court supporting the conclusion that items seized from plaintiff were withheld because of his drug conviction.

Point VI is a rambling narration directed to the validity of the search warrant pursuant to which property was seized from plaintiff's residence. Plaintiff alludes to admissions of officers "under oath" that, he contends, would challenge the search warrant's validity. However, Point VI does not disclose that the admissions were before the trial court.

Point VII contends the trial court should not have granted summary judgment because the officers who executed the search warrant about which plaintiff complains did

---

1. The pertinent part of Rule 84.04(d) provides:
  "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder."

not leave or provide an itemized list of items seized. Point VII does not state any legal basis for the proposition that plaintiff is now entitled to possession of the property he seeks or to money damages for withholding that property.

The judgment is affirmed.

SHRUM, C.J., and CROW, J., concur.