Robert J. BRATCHER, Claimant–Appellant,

v.

SEQUEL CORPORATION and Division Of Employment Security, Respondents.

No. 21961.

Missouri Court of Appeals, Southern District, Division One.

May 27, 1998.

Robert J. Bratcher, pro se.

Ronald J. Miller, Cynthia A. Quetschof, Jefferson City, for Respondent Division of Employment Security.

PREWITT, Judge.

Claimant appeals *pro se* a decision by the Labor and Industrial Relations Commission denying unemployment insurance compensation for the reason Claimant voluntarily left his employment "without good cause attributable to his work or employer."

Claimant was employed with Sequel Corporation as a warehouseman for approximately six years before terminating his employment on April 23, 1997. He quit his job because he had received notice from his landlord that he would be required to move and he needed time off to locate a new residence and move.

On July 16, 1997, Claimant filed a claim with the Division of Employment Security for unemployment insurance benefits, which the employer protested. His claim was denied on August 8, 1997.

Subsequently, Claimant appealed the deputy's determination to the Appeals Tribunal, which the tribunal, in turn, affirmed. Claimant applied to the Labor and Industrial Rela-

tions Commission for review of the tribunal's decision.

On October 22, 1997, the Commission affirmed the decision of the Appeals Tribunal, ruling that, although "he may have had a good personal reason for leaving," Section 288.050, RSMo 1994, provides for disqualification if the employee voluntarily quits "without good cause attributable to his work or employer." Claimant appeals, *pro se.*

Claimant's "brief" consists solely of the "Deputy's Determination Concerning Claim for Benefits" issued by the Division of Employment Security, with a short statement from Claimant attached thereto.

Rule 84.04(a) prescribes the requirements for an appellant brief: "The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of 'Points Relied On.'" None of the foregoing are contained in the documents filed by Claimant.

A pro se plaintiff is "required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney." *Sours v. Pierce*, 908 S.W.2d 863, 865 (Mo.App.1995). Requirements of rule governing appellate briefs are mandatory. *Maroney v. Maroney*, 953 S.W.2d 644, 646 (Mo.App.1997). An appellant that does not file a brief on the issues pertaining to its appeal is deemed to have abandoned that appeal. *Rosemann v. Roto-Die Co., Inc.*, 947 S.W.2d 507, 511 (Mo.App. 1997).

Appeal dismissed.

GARRISON, P.J., and CROW, J., concur.