**Kerry L. VAUGHN, Claimant–Appellant,**

v.

**TABLE ROCK ASPHALT CONSTRUCTION CO., and Division Of Employment Security, Respondents–Respondents.**

No. 22450.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 21, 1999.

Kerry L. Vaughn, pro se.

Cynthia A. Quetsch, General Counsel, Mo. Division of Employment Security, State of Mo., for Respondents.

PREWITT, Presiding Judge.

Claimant appeals a decision by the Labor and Industrial Relations Commission denying unemployment insurance compensation for the reason Claimant voluntarily left employment with Table Rock Asphalt Construction Co. "without good cause attributable to her work or employer on" December 5, 1997.

Claimant had been employed with Table Rock Asphalt Construction Co., in Branson, for approximately five and one-half years. From September 5, 1997, to December 5, 1997, Claimant was granted a maternity leave of absence from her employer. In November, 1997, Claimant notified the employer she would be leaving her employment two weeks after returning from maternity leave. Claimant's reason for terminating her employment was that she was relocating

from Bradleyville to Marshfield. Responding to Claimant's notice, Employer informed her that she would not need to return to work after December 5, 1997.

Claimant filed a claim for unemployment insurance benefits with the Division of Employment Security on February 13, 1998, which Employer protested. Determining that Claimant's reason for leaving her employment was a "personal" one, the Division denied her claim on March 4, 1998. Claimant appealed the deputy's determination on March 12, 1998.

The Appeals Tribunal affirmed the denial of benefits, ruling that "claimant did not terminate the employment for reasons 'attributable' to her last employer." Claimant then filed with the Labor and Industrial Relations Commission an Application for Review, on April 23, 1998. The Commission subsequently affirmed the decision of the Appeals Tribunal. Claimant now appeals, *pro se*.

■ Claimant's "brief" is a three-page letter addressed to "To whom it may concern." Attached thereto are two letters written by former neighbors attesting to Claimant's allegations of her mistreatment in her former employment.

Rule 84.04(a) prescribes the requirements for an appellant brief:

The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review is invoked; (2) A statement of the facts; (3) The points relied upon; and (4) An argument which shall substantially follow the order of "Points Relied on."

None of the foregoing are contained in the documents filed by claimant.[1]

■ A *pro se* plaintiff is "required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney." *Bratcher v. Sequel Corp.*, 969 S.W.2d 827, 828 (Mo.App.1998). Requirements of rule governing appellate briefs are mandatory. *Id.* An appellant that does not file a brief on the issues pertaining to its appeal is deemed to have abandoned that appeal. *Id. See also*, PAULA R. HICKS, *Five Decades of Explanation and Evolution, Yet the Rule Appears Unchanged: Missouri's Points Relied On Rule*, 60 MO. L.REV. 931 (1995).

Appeal dismissed.

CROW and PARRISH, JJ., concur.

---

1. Appellant's brief was due before January 1, 1999, when changes in Rule 84.04 became effective.