STATE of Missouri, ex rel. DIVISION OF CHILD SUPPORT ENFORCEMENT, and Blake Tyler Hinojos, by next friend, Kimberly Sue Myers, and Kimberly Sue Myers, Individually, Respondents,

v.

**David Ramirez HINOJOS, Appellant.**

No. 22487.

Missouri Court of Appeals, Southern District. Division Two.

June 14, 1999.

---

**582**

David Ramirez Hinojos, pro se.

Darrell L. Moore, Pros. Atty., Lara B. Webb, Asst. Pros. Atty., Springfield, for respondents.

1. Rule references are to Missouri Court Rules

KERRY L. MONTGOMERY, Judge.

This is an appeal from a judgment finding that Appellant is the father of Blake Tyler Hinojos, born on April 23, 1997, and ordering Appellant to pay child support in the amount of $408 monthly.

Appellant's brief consists of less than two pages. It begins by alleging the trial court erred in (1) "entering default judgment when the Appellant had filed an answer," (2) "denying the request of the Appellant for a special appearance without hearing," (3) "denying Motion for Rehearing," and (4) "entering judgment when there was uncontroverted evidence that the Appellant had not been properly served."

The remainder of the brief presents a two- or three-sentence argument under points (1), (2), and (3) without citation to any authority in support of Appellant's arguments.

Rule 84.04(a)[1] sets forth the requirements for an appellate brief as follows:

(a) Contents. The brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Appellant's brief does not comply with requirements (1), (2), (3), or (6). As to points relied on, Rule 84.04(d) states:

(1999).

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

 Appellant's points do not comply with requirements (B) and (C). " 'Points on appeal that fail to comply with Rule 84.04(d) present nothing for review.' " *Williams v. Thomas*, 961 S.W.2d 869, 872 (Mo.App.1998) (quoting *In Interest of J.L.C.*, 844 S.W.2d 123, 126 (Mo.App. 1992)). Furthermore, appellant ignores Rule 84.04(d)(5) which requires citation of authorities upon which the argument rests. When an appellant fails to cite relevant authority or explain why none exists, the *appellate court is justified in considering* the points abandoned and dismiss the appeal. *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo.App.1995).

 A pro se appellant is " 'required to adhere to the same standard with respect to the proceeding as a party represented by a licensed attorney.' " *Bratcher v. Sequel Corp.*, 969 S.W.2d 827, 828 (Mo. App.1998) (quoting *Sours v. Pierce*, 908 S.W.2d 863, 865 (Mo.App.1995)). "Requirements of rule governing appellate briefs are mandatory." *Id.* "An appellant that does not file a brief on the issues pertaining to [his] appeal is deemed to have abandoned that appeal." *Id.*

*Appeal dismissed.*

SHRUM, P.J., and BARNEY, J., concur.