Leon **SHAW**, Plaintiff–Appellant,

v.

Kevin **RAYMOND**, Defendant–Respondent.

**No. 27213.**

Missouri Court of Appeals,
Southern District,
Division One.

July 18, 2006.

Jason N. Shaffer, Springfield, MO, for appellant.

Richard D. Bender, Springfield, MO, for Respondent.

Bradley G. Kafka and Chad A. Horner, Gallop, Johnson & Neuman, L.C., St. Louis, MO, for Respondent Whelan Security Co.

GARY W. LYNCH, Judge.

Following a court trial, Appellant Leon Shaw ("Shaw") appeals the trial court's judgment rescinding a contract between him and Respondent Kevin Raymond ("Raymond") based upon Shaw's fraudulent misrepresentation. Holding that rescission is not an appropriate remedy in this case, we reverse and remand.

## 1) *Factual Background*

On October 6, 2003, Shaw and Raymond entered into a contract[1] ("Contract") for Raymond's purchase from Shaw of a "FedEx Ground Route" and a FedEx "Local Pick-up Route" (collectively referred to as "the Routes"). The $45,000.00 contractual purchase price was payable in monthly payments of $1,389.47, beginning on November 15, 2003. After the Contract was executed, Shaw ceased to service the Routes and "stepped aside" from any effort to continue to service them. Raymond assumed the servicing of the Routes, entered into his own contract directly with FedEx, and, as of the time of trial, continued to service the Routes and receive payment for such service from FedEx. After

---

1. The Contract, in its entirety, consisted of the following:

   Contract/Purchase Agreement Between Kevin Raymond & Leon Shaw

   Leon Shaw agrees to sell one FedEx Ground Route to Kevin Raymond for the purchase price of $45,000.00, at seven percent interest, payable in thirty-six monthly payments in the amount of $1389.47. The payments will be due on the 15th of each month, with the first payment due on November 15, 2003, and the last payment payable on October 15, 2006. If installment is over ten days late, there will be a late fee of $100.00.

   The FedEx Ground Route consists of one nightly round to Kansas City, and one local pick-up route in Springfield, and surrounding area. The pick-up route will include: [Names of specific businesses in the route are intentionally omitted].

   If at any time Kevin Raymond fails to make an installment more than thirty days past due, the Route will default back to Leon Shaw.

making four monthly payments as required by the Contract, Raymond ceased making payments and requested from Shaw proof of his ownership of the FedEx Ground Route before making any further payments.

### 2) *Procedural Background*

Shaw filed a one-count petition against Raymond in the Circuit Court of Greene County, Missouri seeking damages for breach of the Contract. Raymond filed an answer asserting the affirmative defense, among others, that the Contract was void for failure of consideration. Raymond also filed a counterclaim against Shaw seeking rescission of the Contract for fraudulent misrepresentation in count one, damages for fraudulent misrepresentation in count two, and damages for unjust enrichment in count three.

Following a bench trial, the trial court entered a judgment, finding as follows:

> The Court further finds that [Shaw's] delegation of service and assignment of benefits combined with the promised forbearance of his effort to continue the contract routes, was sufficient consideration to support the [C]ontract of the parties.

> The Court further finds that [Shaw's] representations to [Raymond] would cause a reasonable person to believe a proprietary interest owned by [Shaw] was being transferred to [Raymond]. [Shaw] did not disclose that [Raymond] was in effect, purchasing [Shaw's] willingness to step aside and permit [Raymond] to attempt to gain the route that [Shaw] has previously serviced.

> The Court further finds that [Raymond] relied on these representations to his detriment. He was unable to obtain financing as a result of his not receiving a proprietary interest, thereby, [Ray-

mond] did not receive what he bargained for.

Based upon these facts, the trial court entered judgment denying Shaw's petition for damages for breach of contract, denying Raymond's damage claims for unjust enrichment and fraudulent misrepresentation, noting that Raymond elected rescission as his remedy, and rescinding the Contract. Shaw appeals the rescission of the Contract, raising two points of trial court error.

### 3) *Standard of Review*

■■■■ Our review of this court-tried case is governed by the standard announced in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. "The evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the trial court's judgment, and all contrary evidence and inferences must be disregarded." *Davis v. Cleary Building Corp.,* 143 S.W.3d 659, 665 (Mo.App.2004) (citing *Wildflower Cmty. Ass'n, Inc. v. Rinderknecht,* 25 S.W.3d 530, 534 (Mo.App.2000)).

Shaw's first point asserts that the trial court erroneously declared and applied the law in that rescission was not a proper remedy available to the trial court, because Shaw had fully performed under the Contract, and Shaw could not be restored to his previous position that existed before entering into the Contract. Shaw's second point claims that the trial court's finding that Shaw misrepresented the nature and extent of the contract rights purchased by Raymond is against the weight of the evidence and is not supported by any substantial evidence, in that Raymond "did not show he suffered any damages from

the alleged misrepresentation and [Raymond] was aware that Fed Ex exercised control over the routes being purchased." Because Raymond's remedy, whether for damages or rescission, is premised upon the existence of a fraudulent misrepresentation and Shaw's second point challenges the trial court's finding of such a fraudulent misrepresentation, we will address Shaw's points in reverse order.

### 4) *Fraudulent Misrepresentation*

■ The nine essential elements of fraud are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity, or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Trimble v. Pracna,* 167 S.W.3d 706, 712 n. 5 (Mo. banc 2005). Failure to establish any one element is fatal to recovery. *Id.* at 712. Shaw's second point challenges the trial court's evidentiary support for the last two listed elements—Raymond's right to rely upon the representation and Ray-

mond's consequent proximately caused injury.

### *Right to Rely*

Shaw first claims in his point relied on that Raymond did not have a right to rely upon his representation that he was "selling" Raymond a FedEx Ground Route because Raymond was "aware that Fed Ex exercised control over the routes being purchased," and the trial court's contrary finding is against the weight of the evidence and is not supported by substantial evidence. Our review of this part of Shaw's point is precluded for two reasons.[2]

In his brief, Shaw's argument in support of this point consists, *in toto,* of the following:

> [Raymond] had full knowledge the routes were controlled by Fed Ex. He was a driver for [Shaw] on the routes he purchased. He had previous experience with Fed Ex because he previously owned a route prior to the purchase of [Shaw's] routes. [Raymond], on direct examination was questioned if understood the role played by Fed Ex.
>
> Q. But certainly we understand you're relying on the actions of a third party in obtaining your payments?
>
> A. Right. That would have been a given, I would guess.
>
> (Tr. Pg. 18–19)

---

2. We also note that other than a reference to the transcript for the direct quotation from Raymond's testimony, Shaw's argument fails to contain page references to the record on appeal for any of the other three asserted facts, as required by Rule 84.04(i). While this deficiency standing alone might not preclude our review, given the references to the record contained in Shaw's statement of facts, the importance of compliance with this rule cannot be overemphasized. References to the record on appeal in the argument portion of the brief provides us the tool with which to verify the accuracy of the factual assertions in the argument upon which a party relies to support its argument. *Lombardo v. Lombardo,* 120 S.W.3d 232, 247 (Mo.App.2003). Without the required references to the record on appeal in the argument, such verification would require us to search the record to find what we deem supports Shaw's factual assertions. This would effectively thrust us into the role of an advocate for Shaw, a role we cannot take. *Id.* Shaw's failure to comply with Rule 84.04(i) denies us the ability to provide verifiable appellate review, and, therefore, justifies our declination to review this alleged point of error. *Id.*

How did [Shaw] misrepresent the nature and extent of his contract rights with Fed Ex when [Raymond] was aware he was relying on a third party, who was not a party to the contract, for payment? The truth is [Raymond] had sufficient knowledge and understanding as to what he was purchasing.

■ First, nowhere in his argument does Shaw address how the asserted facts demonstrate or relate in any way to his contention in his point relied on that the trial court's finding on this element is against the weight of the evidence or is not supported by substantial evidence. "When matters referenced as alleged error in a point relied on are not developed in the argument portion of a brief, they are deemed abandoned." *Glidewell by Nabors v. S.C. Mgmt., Inc.*, 923 S.W.2d 940, 956 (Mo.App.1996).

■ Second, Shaw fails to cite any relevant authority supporting this argument or to explain why such authority is not available. "When an appellant fails to cite relevant authority or explain why none exists, the appellate court is justified in considering the points abandoned." *State ex rel. Div. of Child Support Enforcement v. Hinojos*, 993 S.W.2d 581, 583 (Mo.App. 1999).

For these two reasons, we decline to review this prong of Shaw's second point.

**Consequent and Proximately Caused Injury**

■ The other prong of Shaw's second point relied on challenges the evidentiary support for the trial court's finding that Raymond was damaged by Shaw's misrepresentation. Shaw argues that "[n]o evidence was provided by [Raymond] that he lost a single penny as a result of the alleged misrepresentation of [Shaw]" and that there were "[s]imply no damages whatsoever." Yet, in the very next sentence of his argument, Shaw contradicts these assertions stating: "The only discussion was [Raymond] was unable to obtain financing from a bank[.]" Raymond's testimony is substantial evidence and supports the trial court's specific finding that "[Raymond] was unable to obtain financing as a result of his not receiving a proprietary interest, thereby, [Raymond] did not receive what he bargained for[,]" *i.e.*, he was injured.

Shaw fails to cite any authority as to how or why this finding regarding Raymond's injury as a result of the misrepresentation does not satisfy the damage element of a fraudulent misrepresentation. This court will not become an advocate for a party by researching and trying to find relevant authority to support a party's contention. "Authorities should be cited or discussed in the argument supporting the point relied on or a rationale must be advanced explaining why such authority is unavailable." *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App.1996). This prong of Shaw's point two is denied.

Having considered both prongs of Shaw's second point challenging the evidentiary basis for the trial court's finding of the existence of a fraudulent representation by Shaw to Raymond, Shaw has failed to demonstrate any error in such finding. Point two is denied.

**5) Rescission**

■ Shaw's first point relied on asserts that the trial court erroneously declared and applied the law in rescinding the Contract in that rescission was not a proper remedy available to the trial court because: 1) Shaw had fully performed under the Contract, and 2) Shaw could not be restored to his previous position that existed before entering into the Contract. We will address only the first prong of this

point as we find it dispositive, thus it is not necessary to address the second prong.

The trial court specifically found that Shaw's "delegation of service and assignment of benefits combined with the promised forbearance of his effort to continue the contract routes[ ] was sufficient consideration to support the contract of the parties." This finding is not challenged in this appeal. Implicit in this finding is the determination of the Contract's existence which is supported by the explicit finding of consideration. This finding negates Raymond's affirmative defense of failure of consideration. Raymond seeks affirmative relief in his counterclaim based upon the existence of the Contract because of Shaw's fraudulent misrepresentation which induced Raymond to enter into the Contract.

▪▪ "When fraudulent misrepresentations are alleged, 'a party may seek to affirm the contract and sue for damages or may disaffirm the contract . . . and sue for rescission.' " *Evergreen Nat'l Corp. v. Carr*, 129 S.W.3d 492, 496 (Mo.App.2004) (quoting *Cottonhill Inv. Co. v. Boatmen's Nat'l Bank of Cape Girardeau*, 887 S.W.2d 742, 744 (Mo.App.1994)). Raymond's counterclaim asserted separate claims for damages and for rescission, and because such remedies are mutually exclusive, Raymond elected the remedy of rescission at the close of the evidence.

Shaw cites *Baker v. Whitaker*, 887 S.W.2d 664, 668 (Mo.App.1994); *Union Pac. Ry. Co. v. Kansas City Transit Co., Inc.*, 401 S.W.2d 528, 534–35 (Mo.App. 1966); and *Sun Elec. Corp. v. Morgan*, 678 S.W.2d 410, 412 (Mo.App.1984), for the general proposition and the major premise of his argument that contracts which have been fully performed cannot be rescinded by one party. The minor premise of Shaw's argument is that the Contract is a contract which has been fully performed. This leads to the conclusion that, therefore, the Contract can not be rescinded by Raymond. The form of this argument is a valid categorical syllogism,[3] and, therefore, if the premises are true, then the conclusion is sound.[4]

The major premise is true. *Baker* (although holding that the particular contract in dispute had not been fully performed) and *Sun Elec. Corp.* (holding that the disputed contract was fully performed) squarely support this premise.[5] "It is well established that a contract that has been fully performed cannot be rescinded by one of the parties. *Roberts v. Anderson*, [254 S.W. 723, 726 (Mo.App.1923) ]; *Merchants' Bank v. Hanna*, [73 F.2d 818, 821 (8th Cir.1934) ]; 13 C.J. 609, 610; 17 C.J.S., Contracts, § 413, page 899." *Hoback v. Allen*, 216 S.W.2d 148, 151 (Mo. App.1948).

*Hoback*, in addition, supports the truth of the minor premise of Shaw's argument. In *Hoback*, the defendant contracted to convey a service station to the plaintiff in exchange for the plaintiff's payment of the

---

3. Douglas Lind, Logic and Legal Reasoning, 111–197 (2001).

4. Unfortunately, for reasons not clear to this court, Raymond has chosen not to respond to this argument in his brief. He completely fails to address the three cases cited by Shaw or Shaw's contention that he has fully performed the Contract. Raymond was not required to file a brief, and, thus, was not required to respond to Shaw's argument. *See Estate of Klaas v. Brown*, 8 S.W.3d 906, 908 (Mo.App.2000). While we will not penalize Raymond for failing to respond to this argument, we regret that our resolution of this argument will be without the benefit Raymond's response. *Id.*

5. *Union Pac. Ry. Co.* did not involve the rescission of the disputed contract, but rather the claim that the disputed contract was terminable at the option of one party and had in fact been terminated by that party. 401 S.W.2d at 534.

purchase price. The defendant agreed to accept part of the purchase price in monthly payments. After defendant conveyed the service station to plaintiff, but before the entire purchase price had been paid, the plaintiff purported to rescind the contract for actions taken by the defendant after the conveyance of the station was completed. The court held that:

> Defendant had done all that he had agreed to do under the contract, and the station, accessories and supplies had been turned over and plaintiff had gone into possession of the station and assumed control over it and the merchandise.... This left only a debt owing by plaintiff to the defendant to fulfill the obligation of the contract and neither party could rescind.

*Id.*

In the instant case, the trial court found that Shaw's obligation under the Contract was the "delegation of service and assignment of benefits combined with the promised forbearance of his effort to continue the contract routes." The undisputed evidence was that Shaw had completed all of these actions no later than shortly after the Contract was executed. Shaw had completely performed all that the trial court found that he had agreed to do under the Contract. Raymond promised to pay the purchase price. This action was fully performed at the time the Contract was executed. As in *Hoback*, all that remained was a debt owing from Raymond to Shaw. The minor premise of Shaw's argument is true, *i.e.*, the Contract is a contract which had been fully performed.

Therefore, of necessity, the only logical conclusion is that the Contract was not subject to rescission, and the trial court erroneously declared and applied the law by entering its judgment rescinding it. Because this holding requires reversal of the judgment, and rescission is not an available remedy upon remand, we will not address the second prong of Shaw's first point.

### 6) *Remand*

Had rescission been an available remedy in this case, Raymond's election of such remedy would have precluded him from an award of damages for fraudulent misrepresentations. *See Davis*, 143 S.W.3d at 668. "When a plaintiff ... does not have 'two remedies in point of fact,' the fact that he sought a remedy to which he was not entitled does not bar him from pursuing a remedy to which he is entitled." *Id.* at 668–69 (quoting *Pemberton v. Ladue Realty & Constr. Co.*, 359 Mo. 907, 224 S.W.2d 383, 385 (Mo.1949)). Because of our holding that rescission was not an available remedy given the facts and circumstances of this case, Raymond did not in fact have two remedies from which to elect, and thus, the doctrine of election of remedies does not operate to bar Raymond from seeking damages for Shaw's fraudulent misrepresentation. *Davis*, 143 S.W.3d at 669. Therefore, we remand this cause to the trial court for consideration of Raymond's claim for damages for fraudulent misrepresentation as alleged in count two of his counterclaim.

### 7) *Decision*

The judgment of the trial court rescinding the Contract is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion, including, if the trial court deems appropriate, a new trial on the issue of damages for fraudulent misrepresentation, as alleged in count two of Raymond's counterclaim.

RAHMEYER, P.J., and PARRISH, J., concur.