

# Missouri Court of Appeals

### Southern District

### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| v. | ) No. SD35854 |
| | ) |
| BERT LEE MACE, | ) FILED: January 29, 2020 |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable James K. Journey, Judge

**AFFIRMED**

Charged with criminally-negligent DWI, Bert Mace did not testify or present any evidence at trial. Jurors found him guilty in six minutes. His appeal brief, raising nine points, flouts Rule 84.04[1] to a degree rarely seen:

- An inadequate but argumentative statement of facts ignores Rule 84.04(c).

- Every point – all nine – violates Rule 84.04(d)(1).

  - "Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply have no excuse for failing to submit adequate points relied on." ***Scott v. King***, 510 S.W.3d 887, 892 (Mo.App. 2017).

- Likewise, no point includes Rule 84.04(d)(5)'s required list of supporting authorities.

---

[1] Statutes cited are RSMo 2010 & supp. 2016; rules are Missouri Court Rules (2018). Rule 84.04 governs the form and content of briefs in criminal appeals. *See* Rule 30.06(a).

- The single, amalgamated argument section transgresses Rule 84.04(e) in multiple respects:
    - No point relied on is "restated at the beginning of the section of the argument discussing that point."
    - The argument is not "limited to those errors included in the 'Points Relied On.'"
    - No point's supporting argument states whether, and if so how the alleged error "was preserved for appellate review."
        - This is noteworthy as the new-trial motion raised only three points, but nine points are raised on appeal.
    - Further, the argument does not state "the applicable standard of review" as to any point.

Mace compounds these failings by ignoring, except as to one unpreserved point, the requirement that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Rule 84.04(e)(formerly Rule 84.04(i)). "[T]he importance of compliance with this rule cannot be overemphasized." ***Shaw v. Raymond***, 196 S.W.3d 655, 659 n.2 (Mo.App. 2006). These references are our tool to verify factual assertions made in support of the argument; otherwise *we* would have to search the legal file, transcript, and exhibits for what *we* think may verify those assertions. ***Id***. "This would effectively thrust us into the role of an advocate for [Mace], a role we cannot take." ***Id***.

We should, and might, dismiss the appeal outright in other circumstances. We proceed only because the state labored admirably to address Mace's points despite his failings; we are reluctant to cast aside that effort; and we must review sufficiency-of-evidence challenges in any event. *See **State v. Claycomb***, 470 S.W.3d 358, 361-62 (Mo. banc 2015).

## Background[2]

A teenager ("Victim") wearing music headphones was walking his dog at night through a residential subdivision on graveled, unlighted Chisholm Trail Drive (the "Road"). Mace, driving an ATV without operable headlights, struck

---

[2] We view the record and reasonable inferences most favorably to the verdict, disregarding contrary evidence and inferences. ***State v. Jones***, 479 S.W.3d 100, 105 (Mo. banc 2016).

Victim and knocked his body 54 feet. Mace fell off the ATV, which tipped over, beer cans scattering to the ground.

Victim's parents rushed out of their house to find Victim unconscious, blood pooling under his head. Standing over him was Mace, smelling of alcohol, pushing Victim and telling him to get up. Victim's parents checked for a pulse and called 911. Mace said not to call 911; he "didn't want the cops there." Mace picked up the beer cans, then tried to move the ATV and leave, but Victim's father convinced him otherwise.

A trooper arrived, also smelled alcohol on Mace's breath, heard his slurred speech, observed his blank stare, administered three field-sobriety tests which Mace failed, determined that Mace was intoxicated, arrested him for DWI, advised him of the implied-consent law, and requested a blood draw. Mace refused. Mace told the trooper that he was driving the ATV and hit the Victim, and later admitted at a license revocation hearing, on oath, that he was drinking and driving that night.

The state charged Mace, a persistent offender, with class E felony DWI, alleging that he acted with criminal negligence by operating a motor vehicle at night without a headlight, injuring Victim. *See* § 577.010.2(3)(b). He was convicted as stated above, and now appeals.

### Sufficiency of the Evidence (Points 1-5, 9)[3]

We review sufficiency of evidence not by whether we think the state proved guilt beyond a reasonable doubt, but whether, viewing the record most favorably to the state, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Jones*, 479 S.W.3d at 105.

Mace states in Point 1 that "evidence suggests" he was not in actual physical control of the ATV at the time of the accident. Yet his brief admits he was driving

---

[3] The state generously treated all six of these points as various challenges to the sufficiency of the evidence subject to review "even if not briefed or not properly briefed" per *Claycomb*, 470 S.W.3d at 361-62. We will do likewise even though Points 2-4 arguably charge misapplication of law instead. Points 6-8 are other unpreserved claims without any developed theory of manifest injustice or miscarriage of justice; we decline to review these for plain error and discuss them no further.

3

the ATV and he also admitted so that night. His contrary arguments ignore our standard of review. Point denied.

We also deny Point 5's claim of insufficient evidence of intoxication, which the state could prove through Mace's physical manifestations of intoxication summarized above. *State v. Gittemeier*, 400 S.W.3d 838, 841-42 (Mo.App. 2013). Mace's contrary arguments again ignore our standard of review.

Points 2-4 collectively assert that Mace cannot be guilty of DWI because an ATV is not a "vehicle" or "motor vehicle" and the Road is not a highway or public roadway. His reliance on *State v. Slavens*, 375 S.W.3d 915 (Mo.App. 2012) is misplaced because Mace was not, for example, riding a dirt bike or lawn mower in his own yard, or a golf cart on a privately-owned golf course. *See id*. at 917-20. Instead Mace drove an ATV in a residential subdivision on a gravel road open to and used by the public and emergency vehicles. "[A]ny street, if designated as a thoroughfare or a way for travel, is understood to be a public roadway." *Gittemeier,* 400 S.W.3d at 844. "Regardless of type of motorized device, if a person drives a non-traditional vehicle on a public road, such use can render that vehicle a 'motor vehicle.'" *Id*. "Because [Mace] drove his ATV on a road open to the public, he created a 'clear hazard to the traveling public.'" *Id.* Points denied.

Finally, Point 9 charges that the evidence was insufficient to show Mace's criminal negligence. The jury was entitled to credit testimony that Mace was intoxicated, driving at night on a dark unlit road without working headlights, and going fast enough to knock Victim 54 feet, injuring him. *Compare State v. Stottlemyre*, 752 S.W.2d 840, 844 (Mo.App. 1988)(driving while intoxicated at night on dark road with no headlights at a high rate of speed was sufficient for criminal negligence). Point denied. Judgment affirmed.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, J. – CONCURS
DON E. BURRELL, J. – CONCURS

4